989 F.2d 503
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of John W. ZARLING, Debtor.
Appeal of John W. ZARLING and Donald J. Minniecheske.
 No. 92-1253.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 26, 1993.
Rehearing Denied April 22, 1993.
 
 Before POSNER, AND KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 The sole issue in this case is whether the district court abused its discretion by imposing sanctions on the appellants for pursuing a frivolous appeal of an order of the bankruptcy court. Fed.R.Civ.P. 11. The court imposed $2,583 in sanctions (the amount of the opposing party's attorney's fees) after finding the appellants' appeal of an order of the bankruptcy court to be "grossly frivolous." The appeal to the district court contested the power of the bankruptcy court to nullify the sale of property by the appellants; the bankruptcy court previously had found the sale to be a fraudulent transfer under the bankruptcy laws. The appeal was their fifth attempt to skirt the order of the bankruptcy court, which, coupled with the utter lack of merit in their claim, prompted the court to impose sanctions.
 
 
 2
 The appellants seem to argue that sanctions were inappropriate because they had a good faith argument that the bankruptcy court had no power to nullify their transfer of property. "Whether to award sanctions is within the discretion of the district court, and, accordingly, we review the district court's decision only for abuse of discretion." Harrison v. Dean Witter Reynolds, Inc., 974 F.2d 873, 886 (7th Cir.1992). Nothing in the record or otherwise supports the argument about the bankruptcy court's jurisdiction over this case. The appellants have been relentless in their efforts to avoid the order of the bankruptcy court. The district court did not abuse its discretion by sanctioning the appellants' refusal to give obeisance to an order of the court.
 
 
 3
 The appellants' arguments on appeal are equally frivolous. The appellants' brief before this court reads like jabberwocky; the arguments we can glean from the brief are unequivocally without merit. We therefore determine that the appeal is frivolous under Federal Rule of Appellate Procedure 38. Appellants shall file a brief within fifteen days of the date that this decision issues explaining why they should not pay the appellees' costs, attorneys' fees, and other expenses for this appeal. During this same period of time the appellees should provide to this court a statement of their costs, attorneys' fees, and other expenses that they reasonably have incurred in defending this appeal.
 
 
 4
 AFFIRMED, WITH SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs